## JOHN R. PEEL v. JAMES M. GARY.

(Case No. 1019.)

1. PRACTICE.— When on an inspection of the record it appears that the error committed by the district court consisted in enforcing a vendor's lien for the payment of debt, on a larger interest in land than that to which the lien rightfully attached, and the record discloses the specific interest that is subject to the lien, the judgment will be reversed and reformed in the supreme court so as to enforce the lien, on the interest subject to it.

APPEAL from Montgomery. Tried below before the Hon. James Masterson.

*John R. Peel,* for appellant.

*Davis & Sayles,* for appellee.

BONNER, ASSOCIATE JUSTICE.— In this case the appellee, James M. Gary, sued appellant, John R. Peel, upon a promissory note for $181.69, with prayer for personal judgment and enforcement of vendor's lien.

The note recites that it was given for the one undivided half of the north half of a third of a league of land patented to Denwood James.

Judgment was rendered for plaintiff, principal and in-

terest, and enforcing the vendor's lien on the whole one-third of a league, from which this appeal is taken.

In rendering judgment enforcing the vendor's lien upon the whole one-third of a league, there was error for which it must be reversed.

A jury was waived, and as the note upon its face shows for what interest in the land it was given, the judgment will be reformed in this court, so as to enforce the vendor's lien only upon the undivided one-half interest in the north half of the third of a league of land patented to Denwood James as described in the petition; appellee to pay the costs in and about this appeal expended, and it is accordingly so ordered.

REVERSED AND REFORMED.

[Opinion delivered January 21, 1881.]